■ In the Matter of HARRY E. SELTZER, Respondent against Corinne N. WENDELL, Appellant.— In a habeas corpus proceeding by a father against the mother to determine the custody of their infant child, the mother appeals from so much of a final order of the Supreme Court, Nassau County, entered April 4, 1960, awarding custody to her, as grants certain visitation privileges to the father, directs her to keep the child within the confines of this State, and directs her to raise the child in the Lutheran faith. The notice of appeal also seeks to bring up for review an intermediate order entered February 24, 1960, denying the mother's motion for a change of venue from Nassau County to Westchester County. Final order modified on the law and the facts by striking out the provision directing the mother of the infant to raise the child in the Lutheran faith, and by substituting therefor: (1) a provision that the father of the infant, if he so desires, may raise the child in the Lutheran faith; and (2) a further provision that the child be made available to the father for such religious instruction at reasonable times and upon reasonable notice. As so modified, order, insofar as appealed from, affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, except as to the child's religious education, there was no abuse of discretion by the Special Term in making the directions appealed from. However, on the record presented, if the child is to be raised in the Lutheran faith, the duty as to such religious guidance and instruction, under the circumstances here, should be confined primarily to the father. If counsel are able to agree as to the manner in which such duty shall be exercised by the father, they may so stipulate upon the settlement of the order to be entered hereon. If not, appropriate provision will be made in the order by the court. Appeal from intermediate order dismissed, without costs. Such order, now sought to be reviewed on the appeal from the final order, does not necessarily affect the final order, and, hence it is not reviewable under section 580 of the Civil Practice Act. This conclusion follows from the fact that the intermediate order here is not one which, if reversed, would take away the foundation of the

final order or make the hearing and order entered thereon invalid and without support (cf. *Koziar* v. *Koziar*, 281 App. Div. 771 and cases cited therein). Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ. concur. Settle order on notice.